The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Mary Moore Hoag and the briefs and arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the prior Opinion and Award. Accordingly, the Full Commission adopts and affirms the Deputy Commissioner's decision and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at all relevant times.
3. CSSI is a qualified self-insured with RISCORP as the servicing agent.
4. Plaintiff's average weekly wage is $440.00, yielding a compensation rate of $293.48 per week.
5. Plaintiff's medical records were stipulated into evidence in a bound and indexed format.
6. The issue to be determined is whether plaintiff sustained an injury by accident by was of specific traumatic incident to his back in the course and scope of his employment on or about 11 November 1996.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. At the time of the hearing on 30 October 1997, plaintiff was a 39 year old male with 5 children. He is a resident of Zebulon, North Carolina.
2. In November 1996, plaintiff was employed by defendant-employer as a curb machine operator. According to plaintiff, on or about 11 November 1996, while in the course and scope of his employment, he was lifting a manhole cover with a co-employee when he felt a "twinge" in his lower back. Plaintiff admitted he did not report the alleged injury to his co-employee or to his supervisor. Plaintiff did not report his alleged injury to his supervisor at any time prior to 13 January 1997, his last day of work for defendant-employer.
3. According to Robert Spivey, plaintiff's supervisor and owner of the defendant-employer company, plaintiff reported groin pain on 6 December 1996 and was taken to Wake Medical Center. Plaintiff had not complained of any pain in his groin or lower back, to Mr. Spivey, prior to that date and did not report his groin pain as being related to any alleged 11 November 1996 incident. Plaintiff did not report any alleged injury to Mr. Spivey from 6 December 1996 through 13 January 1997.
4. Plaintiff was treated at Wake Medical Center on 6 December 1996. He did not seek medical treatment for any problems between 11 November and 6 December 1996.
5. On 6 December, plaintiff complained of right groin pain of approximately two to three weeks duration. He reported only doing heavy lifting and bending at work. However, plaintiff specifically denied back pain. He was diagnosed with intermittent right groin pain and the possible hernia or strain.
6. Plaintiff presented again to Dr. Scott A. Schlidt at Wake Medical Center on 9 December 1996, where x-rays of his right hip and lumbar spine were taken.
7. Plaintiff was examined at Garner Internal Medicine on 16 January 1997 and reported right groin pain that became severe the previous Monday when running across the street. Plaintiff also did not remember any trauma that initially would have caused the injury. He was referred to a surgeon for evaluation.
8. Significantly, plaintiff had attended a meeting on 11 January 1997 with his supervisor, when a forthcoming layoff was discussed and means of securing income were evaluated. Plaintiff attempted subsequently to obtain unemployment, but was not eligible. Plaintiff had a prior compensable workers' compensation claim in 1995.
9. Plaintiff was referred to Dr. Kenneth J. Rich with the possibility of a low back injury.
10. Plaintiff came under the care of Dr. Rich on 6 February 1997 at which time he first reported to anyone that he hurt himself at work lifting a manhole cover. Plaintiff reported to Dr. Rich that he had back pain as his original complaint but slowly developed radicular pains down the right side.
11. Plaintiff underwent an MRI which indicated a large right-sided herniated disc at L5-S1. Dr. Rich performed a mid-line endoscopic diskectomy at L5-S1 on 14 February 1997 and continued treatment with Dr. Rich until 22 July 1997, at which time plaintiff was released upon reaching maximum medical improvement. Dr. Rich assigned a 10% permanent partial impairment rating to plaintiff's back.
12. According to Dr. Rich, he would have expected plaintiff to be experiencing classical symptoms of lower back pain and radiating pain to the buttocks and leg by 6 December 1996 if, in fact, he had injured his back on 11 November 1996. Groin pain is not consistent with a herniated disc at L5-S1 but, is a symptom of a herniated disc at L3-L4, according to Dr. Rich.
13. Dr. Rich had the following to say about plaintiff's alleged injury of 11 November, unreported until 6 December:
 "Well, you start getting out five weeks and all you're complaining of is groin pain, as I said, that's not a complaint you'd typically associate with an L5-S1 disc. You've got to be more suspicious that the direct cause of the ruptured disc that he subsequently presented to me with might not have been a lifting accident."
14. Plaintiff was laid off on 13 January 1997 because he was unable to work due to groin pain. Prior to that date, plaintiff took one week of vacation in December 1996 and borrowed $750.00 from defendant-employer which has not been repaid.
15. Plaintiff has not proven by a preponderance of the competent, credible evidence of record including medical evidence, that he sustained an injury on 11 November 1996 by way of specific traumatic incident of the work assigned.
16. The greater weight of the evidence supports a finding that plaintiff's herniated disc at L5-S1, diagnosed in February 1997, was not the result of any specific traumatic incident or accident on or about 11 November 1996.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident or specific traumatic incident arising out of and in the course of his employment with defendant-employer on 11 November 1996. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is therefore, not entitled to benefits under the Workers' Compensation Act. N.C. Gen. Stat. § 97-2.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiff's claim must be and hereby is DENIED.
2. Each side shall pay its own costs.
 S/ _______________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ _____________________ RENÉE C. RIGGSBEE COMMISSIONER
S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER